cerning recent conversations, he repeatedly answered "I don't remember", although he was advised that such answers could lead to criminal contempt charges. (*People* v. *Ianniello,* 21 N Y 2d 418.) Prior to the trial, defendant moved for discovery as to whether the conversations were obtained by electronic interception. When discovery was allowed, the prosecutor moved for reargument upon the ground, among others, that no such "evidence" would be "introduced" against the defendant at the trial. Whereupon, on reargument, discovery was denied. However, at the trial some use was made of the taped conversations. Inasmuch as we find no merit in appellant's other assignments of error, the determination of this appeal should be withheld and the case remitted for a hearing to determine the nature and extent of the representation made, and whether complied with. (*Santobello* v. *New York,* 404 U. S. 257.) Concur — Markewich, J. P., Kupferman, Lane and Capozzoli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. CARLOS SANTIAGO.— Motion granted to the extent of amending the remittitur to recite the following: "Upon the appeal herein there were presented, and necessarily passed upon, questions under the Constitution of the United States, viz.: Appellant contended that his rights under the Sixth and Fourteenth Amendments of the United States Constitution were violated. The Appellate Division held that there was no violation of appellant's rights." Concur — Nunez, J. P., Kupferman, Murphy, Lane and Steuer, JJ.

## (May 11, 1973)

■ In the Matter of MELVIN I. FEIT, Appellant, v. BOARD OF ELECTIONS OF THE CITY OF NEW YORK et al., Respondents.— Order, Supreme Court, New York County, entered on May 8, 1973, unanimously affirmed, without costs and without disbursements. Leave to appeal to the Court of Appeals is granted. No opinion. Concur — Stevens, P. J., Markewich, Nunez, Kupferman and Tilzer, JJ.

■ In the Matter of J. STANLEY SHAW, Appellant, v. BOARD OF ELECTIONS OF THE CITY OF NEW YORK et al., Respondents.— Order, Supreme Court, New York County, entered on May 8, 1973, unanimously affirmed, without costs and without disbursements. Leave to appeal to the Court of Appeals is granted. No opinion. Concur — Stevens, P. J., Markewich, Nunez, Kupferman and Tilzer, JJ.

## (May 15, 1973)

■ In the Matter of WILLIAM MASON, Petitioner, v. FIORAVANTE G. PERROTTA, as Finance Administrator of the City of New York, Respondent.— Determination of respondent Finance Administrator, dated March 14, 1969, unanimously modified, on the law, to direct payment to petitioner of his salary for the period beginning 30 days after his suspension and ending with the date of his dismissal, less outside earnings if any, and otherwise confirmed, without costs and without disbursements. Petitioner was suspended without pay on December 6, 1968, and dismissed from the service, following a hearing on charges, on March 14, 1969. We find no error in the proceeding. However, subdivision 3 of section 75 of the Civil Service Law limits the period of suspension without pay to 30 days. Petitioner is consequently entitled to back pay for the period indicated, less any earnings that he might have had during the period (*Matter of Amkraut* v. *Hults,* 21 A D 2d 260, affd. 15 N Y